UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                              :
SYLVESTER TRAYLOR,            :
                              :
            Plaintiff,        :
                              :
v.                            :    Civil No. 3:13cv01828(AWT)
                              :
ERIC S. PARKER, KLARN         :
DEPALMA, DANA L. NEVES,       :
MEREDITH CORPORATION d/b/a    :
WFSB-TV and d/b/a WHSM-CBS    :
3TV and d/b/a CHANNEL 3       :
EYEWITNESS NEWS, STEPHEN M.   :
LACY, PRESIDENT FOR MEREDITH  :
CORPORATION, MICHAEL M.       :
DEREN, SULTAN AHAMED, DAVID   :
D. THOMPSON, CONNECTICUT      :
STATE MEDICAL SOCIETY-IPA,    :
INC., WYATT KOPP, and STATE   :
OF CONNECTICUT (STATE ACTORS, :
EMMET L. COSGROVE, THOMAS F.  :
PARKER, and ROBERT C. LEUBA,  :
in their Official and         :
Personal Capacity),          :
                              :
            Defendants.       :
                              :
-----------------------------x
```

## RULING ON MOTIONS TO DISMISS

In the second Amended Complaint (Doc. No. 36)

("Complaint"), which is the operative complaint, the plaintiff,

Sylvester Traylor ("Traylor"), asserts various state and federal

causes of action against eleven defendants, alleging

discrimination in the form of a television news story.  Traylor

asserts claims for false light invasion of privacy (Count One),

libel (Count Two), malicious video editing (Count Three), knowing broadcast of a false conclusion (Count Four), pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986 for violations of his Constitutional rights (Count Five), pursuant to 42 U.S.C. § 1983 for violations of his First Amendment rights (Count Six), negligent misrepresentation (Count Seven), negligence (Count Eight), negligent infliction of emotional distress (Count Nine), violation of the Supremacy Clause (Count Ten), and declaratory and injunctive relief (Count Eleven).  The plaintiff also asserts a number of additional claims, including for violations of the Connecticut Constitution, in asserting the claims above.

The court has dismissed all claims against defendants Michael M. Deren, Sultan Ahamed, David D. Thompson, Connecticut State Medical Society-IPA, Inc. and Connecticut Judges Emmett Cosgrove, Thomas Parker and Robert Leuba. (See Stipulations of Dismissal with Prejudice (Doc. Nos. 57, 58 and 59), Stipulation of Dismissal without Prejudice (Doc. No. 60).)  Claims against defendants Steven M. Lacy, Eric S. Parker, Klarn DePalma, Dana L. Neves, the Meredith Corporation and Wyatt Kopp remain.

Defendants Eric S. Parker, Klarn DePalma, Dana L. Neves, Meredith Corporation and Steven M. Lacy (collectively the "Meredith Defendants") move to dismiss each cause of action pending against them pursuant to Federal Rule of Civil Procedure 12(b)(6) and 8(a). (See Defendants Eric S. Parker, Klarn

DePalma, Dana L. Neves, Meredith Corporation, and Steven M. Lacy's Motion to Dismiss Pursuant to Fed. Civ. Proc. 12(b)(6) (Doc. No. 82) ("Meredith Defendants' Motion to Dismiss"). Defendant Wyatt Kopp separately moves to dismiss all claims pending against him pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Motion to Dismiss (Doc. No. 87) ("Kopp Motion to Dismiss").)

For the reasons set forth below, the Meredith Defendants' Motion to Dismiss and the Kopp Motion to Dismiss are being granted pursuant to Rule 12(b)(6) as to all federal claims, and the court is declining to exercise supplemental jurisdiction over the plaintiff's state law claims.[1]

I.    **FACTUAL ALLEGATIONS**

The defendants are Eric S. Parker (television news reporter), Klarn J. Depalma (television station manager), Dana L. Neves (news director), Meredith Corporation (d/b/a WFSB-TV and d/b/a WHSM-CBS 3 TV and d/b/a Channel 3 Eyewitness News), Stephen M. Lacy (President of the Meredith Corporation), Michael M. Deren (healthcare lobbyist and neighbor of Judge Emmett L. Cosgrove), Sultan Ahamed (lobbyist for the Connecticut State Medical Society, board member of the Connecticut Medical

---

[1] Because the plaintiff's federal claims are being dismissed pursuant to Rule 12(b)(6) and the court is declining to exercise supplemental jurisdiction over the plaintiff's state law claims, the court does not reach the merits of the Meredith Defendant's Rule 8(a) argument.

Insurance Company and neighbor of Judge Robert C. Leuba),
Connecticut State Medical Society-IPA, Inc. (lobbying
organization), David D. Thompson (president of the Connecticut
State Medical Society, board member of the Connecticut Medical
Insurance Company and neighbor of Judge Thomas F. Parker), Wyatt
Kopp (former temporary clerk at the New London Superior Court),
and Judges Emmett L. Cosgrove, Thomas F. Parker, and Robert C.
Leuba, in their official and personal capacities.

Traylor alleges that he has been the subject of "systemic
discrimination." (Complaint ¶ 2.)  He alleges that during a
medical malpractice case that the plaintiff brought in state
court, presiding Judge Thomas F. Parker treated the plaintiff
with "bullying, adverse, disparaging, and intimidating
behavior," and Judges Cosgrove and Leuba "turned a blind eye to
Judge Parker's abuse of power." (Complaint ¶¶ 23.1, 144.3.)  In
addition, Traylor contends that Connecticut's revised fee waiver
law, Conn. Gen. Stat. § 52-259b, violates the plaintiff's right
to equal protection under the Fourteenth Amendment because it
permits the denial of fee waivers to indigents, many of whom are
racial minorities. (See Complaint ¶¶ 130-133)  He contends that,
for the same reason, the state law that requires a plaintiff to
obtain a Certificate of Merit before filing a medical
malpractice suit, Conn. Gen. Stat. § 52-190a, is
unconstitutional. (See id.) The plaintiff has lawsuits pending

-4-

in federal court that he alleges expose and challenge these instances of systemic discrimination.

The plaintiff alleges that at a social event called "Red Wine Night," he overheard judges, legislators and lobbyists publicly discussing pending litigation to which he was a party. He alleges that Lobbyists for Connecticut State Medical Society conspired with defendant Eric S. Parker, a Channel 3 news reporter, to broadcast a news story in an "attempt[] to influence the judicial system regarding Mr. Traylor's pending complaints," including his challenge to Connecticut's revised fee waiver law, and "to exclude an African-American from presenting witnesses or ignoring his evidence to be presented to a full trial by a jury." (Complaint ¶ 59-62, 160.)  On September 26, 2013, Channel 3 broadcast a news story about the revised fee waiver law titled "Frivolous Lawsuits the Basis for New Law" (the "Frivolous Lawsuits Story"). (Complaint ¶ 4.5.1.)  The plaintiff alleges that the Frivolous Lawsuits Story profiled the plaintiff and another African-American fee waiver litigant, and criticized the plaintiff's legal challenge to the fee waiver law as "varied and imaginative." (Complaint ¶¶ 6, 42.)  It did not mention the most prolific fee waiver litigant, who is Caucasian. The plaintiff further alleges that the "[d]efendants . . . sensationalized and manipulated the facts concerning Mr. Traylor's 'pending' litigations in order to seize the

opportunity to increase their ratings." (Complaint ¶ 40.12.7.)
The report featured Wyatt Kopp, a former temporary clerk at the
New London Superior Court, who praised the new fee waiver law.
The plaintiff alleges that while Kopp was employed as a clerk,
he boasted that he could influence judges to rule against the
plaintiff. The plaintiff alleges that he complained, and Kopp's
employment was terminated. He also alleges that on more than one
occasion since then, Kopp has approached the plaintiff in public
and threatened him.

The plaintiff alleges that the reporter of the Frivolous
Lawsuits Story is married to an employee of Hartford Hospital,
which gave a donation to the defendant healthcare lobbyists, who
are neighbors of judges.  He alleges that the defendants
congregate at private beaches where white supremacist attitudes
prevail in a "silent gentleman's agreement." (Complaint ¶¶ 12,
42.9.)  One month after the Frivolous Lawsuits Story aired,
someone wrote "Get a job Blacks" and a swastika on a New London
sidewalk. (Complaint ¶ 4.2.)

The plaintiff seeks compensatory and punitive damages and
an injunction requiring the defendants "to retract each and
every publication and broadcast of the defamatory and libelous
statements regarding the Plaintiff," requiring employees of the
New London Superior Court to treat him in the same manner as
white litigants, prohibiting state court judges from discussing

pending decisions with private parties, and declaring that any rulings made by Judge Parker after February 3, 2011 be declared void. (Complaint at 107-111, 113-114.)

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only

enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the

strongest arguments [it] suggest[s]." <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).

## III. DISCUSSION

### A.   Federal Law Claims

#### 1.   Section 1981

Section 1981 provides a remedy against private actors who intentionally discriminate on the basis of race or ethnicity. To state a claim under Section 1981, a plaintiff must allege facts in support of the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ." <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087 (2d Cir. 1993). Section 1981(a) enumerates the rights "to make and enforce contracts, sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981. To survive at the pleading stage, a Section 1981 complaint must allege that the defendants' acts were "purposefully discriminatory" and "racially motivated." <u>Albert v. Carovano</u>, 851 F.2d 561, 571 (2d Cir. 1988).

Here, the plaintiff's allegation that certain defendants publicly criticized his pending civil rights lawsuit is insufficient for the court to draw a reasonable inference that

the defendants sought to manipulate the judicial process or thwart the plaintiff's exercise or enjoyment of the rights enumerated in Section 1981.  See, e.g., Obilo v. City University of City of New York, No. CIV.A.CV-01-5118(DGT), 2003 WL 1809471, at *11 (E.D.N.Y. Apr. 07, 2003) (dismissing complaint that made only conclusory allegations of racially discriminatory intent and failed to allege that defendants "prevented plaintiff from enforcing or pursuing" enumerated rights).  The plaintiff's allegations that the defendants were motivated by "race based discrimination, deception, professional misconduct, ex parte communication, and intentional conspiracy" are conclusory and are not supported by well-pled facts.  (Complaint ¶ 30.)  Nor does the plaintiff's allegation that he was targeted because of a "silent gentleman's agreement" against African-Americans suffice for the court to draw a reasonable inference that the defendants engaged in intentional, racially-motived discrimination against the plaintiff concerning statutorily-enumerated activities.  See Yusuf v. Vassar Coll., 35 F.3d 709, 714 (2d Cir. 1994) (affirming dismissal where "the abundance of other possible reasons for the panel's decision [to discipline the plaintiff] combined with the lack of any specific factual support for his claim of a racial motivation illustrates that his claim here is simply a 'naked allegation' of racial discrimination").  The only well-pled facts on which the

plaintiff's claim rests are that he had brought a civil rights action claiming racial discrimination and the defendants criticized his conduct in a news story.  That is not sufficient to support a reasonable inference that the defendants engaged in intentional, racially-motivated discrimination.[2]  For these reasons, the Complaint fails to state a claim under Section 1981 upon which relief may be granted.

## 2.   Section 1983

"In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person acting under color of state law deprived him of a federal right." Ahlers v. Rabinowitz, 684 F.3d 53, 60-61 (2d Cir. 2012). On a claim of conspiracy under Section 1983, a plaintiff must allege "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). "[T]he [conspiracy] lawsuit will stand only insofar as the plaintiff can prove the sine qua non of a § 1983 action: the violation of a federal right." Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d

---

[2] In fact, the plaintiff himself offers a number of other non-racial motivations that would explain the defendants' actions, including the Meredith Defendants' interest in increasing Channel 3's ratings and Kopp's interest in seeking revenge against the plaintiff for causing his employment with the New London Superior Court to be terminated. (See Complaint ¶¶ 4.7.5, 67-70.)

Cir. 1995). The plaintiff must show that the defendants "acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated [his] rights, privileges or immunities secured by the Constitution or federal courts." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 507-08 (S.D.N.Y. 2008) (internal quotation marks and citation omitted). Because conspiracies are secretive operations, a conspiracy may be proved by circumstantial, rather than direct, evidence. Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir. 1994).

Interpreted liberally, Traylor alleges the following conspiracy in the Complaint.  Traylor "observed State judges, legislators, as well as lobbyists discussing his pending litigation" regarding the revised fee waiver law at Red Wine Night. The defendants "entered into an agreement, express or tacit, to achieve the unlawful end of discrediting Mr. Traylor." The Meredith Defendants broadcast the Frivolous Lawsuits Story to "create a false alarm to their viewers, and thus create an imaginary perception of Mr. Traylor's character, purposefully ignoring the content of Mr. Traylor's pending cases and his dedication in seeking justice concerning the State of Connecticut's corruption which takes place during events such as the Red Wine Night."  (Complaint ¶¶ 5, 160.)

Neither this allegation nor any of the other allegations of conspiracy in the Complaint states a claim for relief under

Section 1983 that is plausible on its face.  The alleged
conspiracy between state actors and lobbyists who somehow
conspired with Parker is unsupported by factual allegations that
could establish a nexus between state actors and the defendants,
and thus could not support a reasonable inference that the
defendants entered into a willful agreement to deprive Traylor
of his constitutional right to equal protection.  Moreover, the
Complaint does not allege an actual deprivation but, rather,
alleges that defendants' conduct might result in future
deprivations.  For these reasons, the Complaint fails to state a
claim under Section 1983 upon which relief may be granted.

### 3.   Section 1985(3) and 1986

To state a claim for conspiracy under Section 1985(3), a
plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving,
> either directly or indirectly, any person or class of
> persons of equal protection of the laws, or of equal
> privileges and immunities under the laws; (3) an act
> in furtherance of the conspiracy; (4) whereby a person
> is either injured in his person or property or
> deprived of any right of a citizen of the United
> States.

Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085,
1087-88 (2d Cir. 1993) (citing United Bhd. of Carpenters, Local
610 v. Scott, 463 U.S. 825, 828-29 (1983)). "Furthermore, the
conspiracy must also be motivated by some racial or perhaps
otherwise class-based, invidious discriminatory animus behind

-13-

the conspirators' action." Id. (internal quotation marks omitted).

Section 1986 "provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so. Thus, a § 1986 claim must be predicated upon a valid § 1985 claim." Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999) (internal citations and quotation marks omitted).

The plaintiff's allegations of racial motivation are too conclusory and not supported by well-pled facts, as are his allegations of concerted action. Thus he fails to state a plausible claim of a conspiracy in violation of Section 1985(3). Moreover, the plaintiff only alleges the possibility of a future deprivation, not an actual injury or deprivation. Thus, the Complaint fails to state a Section 1985(3) claim upon which relief can be granted. Because a viable Section 1985 claim is a prerequisite for a Section 1986 claim, the plaintiff's Section 1986 claims are also dismissed.

### 4.   Supremacy Clause

The Supremacy Clause of the United States Constitution provides that "the Laws of the United States . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const.

art. VI, cl. 2.  "State and local laws are thus preempted when they conflict with federal law."  Corcoran v. New York Power Auth., 202 F.3d 530, 538 (2d Cir. 1999).

The plaintiff alleges that the defendants violated the Supremacy Clause by "acting under an unethical policy of ex parte communications with the State of Connecticut judges during special events and/or while they were sharing membership on medical institution boards", "retaliat[ing] against Mr. Traylor for filing a previous complaint concerning Judge Thomas F. Parker", and "creat[ing] a false light scheme with the intent to legislate a field occupied by the federal government concerning an attempt to limit the number of times indigent minorit[ies] may seek judicial processes and remedies."  (Complaint ¶ 205.)

Because the plaintiff does not allege that any state or local law, including Connecticut's revised fee waiver statute, conflicts with federal law, the Supremacy Clause is simply not implicated in the Complaint.

### 5.  First Amendment

The First Amendment, which applies to the states through the Fourteenth Amendment, see Thornhill v. Alabama, 310 U.S. 88, 95 (1940), provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press or the right of the people . . . to petition the government for a redress of grievances."  U.S. Const. Amend. I.

A private citizen asserting a First Amendment retaliation claim must show: "(1) he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001); see also Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998); Everitt v. DeMarco, 704 F.Supp.2d 122, 129 (D. Conn. 2010). The plaintiff must allege that his First Amendment rights were "actually chilled." Davis v. Vill. Park II Realty Co., 578 F.2d 461, 464 (2d Cir.1978). "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." Laird v. Tatum, 408 U.S. 1, 13–14 (1972). "Where chilling is not alleged, other forms of tangible harm will satisfy the injury requirement, since standing is no issue whenever the plaintiff has clearly alleged a concrete harm independent of First Amendment chilling." Zherka v. Amicone, 634 F.3d 642, 646 (2d Cir. 2011) (internal citation and quotation marks omitted).

"The Fourteenth Amendment . . . incorporates the First Amendment, so the Fourteenth Amendment, and, through it, the First Amendment, do not apply to private parties unless those parties are engaged in activity deemed to be state action."

Cooper v. U.S. Postal Serv., 577 F.3d 479, 491 (2d Cir. 2009)
(internal citations and quotation marks omitted).  "Actions of a
private entity are attributable to the State if there is a
sufficiently close nexus between the State and the challenged
action of the . . . entity so that the action of the latter may
be fairly treated as that of the State itself." Id.

Here, the plaintiff alleges that the defendants violated
his First Amendment rights by "splicing together and
distort[ing] and/or delet[ing] text from his images to his
exhibits" to make the exhibits to his lawsuit appear
"incomprehensible and frivolous" when presented in the Frivolous
Lawsuits Story.  (Complaint ¶¶ 4.7.4, 176-184.)

"It is well-established that the filing of a lawsuit . . .
is constitutionally protected by the First Amendment." Everitt,
704 F. Supp. 2d at 132 (citing Colombo v. O'Connell, 310 F.3d
115, 118 (2d Cir. 2002).  However, the plaintiff has failed to
allege that the defendants' actions chilled the exercise of his
First Amendment rights or caused him a concrete harm.
Furthermore, the plaintiff does not allege facts that could show
that the defendants responsible for the Frivolous Lawsuits Story
were engaged in activity that could be deemed to be state
action.  Thus, the plaintiff has failed to state a First
Amendment claim.

**B.  Leave to Amend the Complaint**

> Generally, leave to amend should be freely given, and
> a <u>pro se</u> litigant in particular should be afforded
> every reasonable opportunity to demonstrate that he
> has a valid claim.  A <u>pro se</u> complaint should not be
> dismissed without the Court granting leave to amend at
> least once when a liberal reading of the complaint
> gives any indication that a valid claim might be
> stated. However, leave to amend a complaint may be
> denied when amendment would be futile.

<u>Nielsen v. Rabin</u>, 746 F.3d 58, 62 (2d Cir. 2014) (internal

citations and quotation marks omitted).

Here, the court has already permitted the plaintiff leave

to amend his Complaint, and based on the court's review of the

facts pled in the Complaint as amended, there is no indication

that the plaintiff can state a valid federal law claim.  The

court therefore concludes that it would be futile to grant the

plaintiff leave to amend his complaint for a third time, and the

plaintiff's federal law claims are being dismissed with

prejudice.

**C.  Pendent State Law Claims**

In addition to his federal claims, the plaintiff brings

state law claims for false light invasion of privacy, libel,

"malicious editing" (as to Eric Parker), "broadcasting false

conclusions" (as to Eric Parker and Wyatt Kopp), negligent

misrepresentation, negligence, and negligent infliction of

emotional distress.

Because the Complaint does not state an actionable federal claim, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims").

Considering the factors set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966), the court concludes that judicial economy, convenience and fairness point toward declining jurisdiction over state law the claim.  All of the federal claims in the Complaint have been dismissed, and discovery in this case has been stayed pending a ruling on the motions to dismiss.  When federal claims are dismissed before trial, the basis for retaining jurisdiction is weak. See Gibbs, 383 U.S. at 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as

well."); Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir.2003) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Because this case was initially filed in state court and then removed to federal court, it is appropriate to remand the remaining state law claims, rather than to dismiss the action. See Valencia v. Lee, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343).

## IV.   CONCLUSION

The Meredith Motion to Dismiss (Doc. No. 82) is hereby GRANTED as to all federal law claims, and the Kopp Motion to Dismiss (Doc. No. 87) is hereby GRANTED as to all federal law claims.   Thus, Counts Five, Six, and Ten are dismissed. Count Eleven was previously dismissed.   (See Doc. Nos. 57, 58, 59, 60).   The remaining defendants are Eric S. Parker, Klarn DePalma, Dana L. Neves, Meredith Corporation d/b/a WFSB-TV and d/b/a WHSM-CBS 3TV and d/b/a Channel 3 Eyewitness News, Stephen M. Lacy and Wyatt Kopp, and Counts One, Two, Three, Four, Seven, Eight and Nine are remanded to Connecticut Superior Court, Judicial District of New London.

The Clerk shall close this case.

It is so ordered.

Dated this 19th day of March 2015, at Hartford,
Connecticut.

                                    /s/
                          ―――――――――――――――――――――
                              Alvin W. Thompson
                          United States District Judge